RWP/sls

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

**NIGHT BOX FILED**

FEB 2 6 2001

NO. ___00-6364-CR-FERGUSON___

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

UNITED STATES OF AMERICA,

v.

ANDRZEJ MASALSKI,

        DEFENDANT.

_____/

### GOVERNMENT'S RESPONSE TO
### THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  The government is aware of written or recorded statements made by the defendant and they are outlined in the attached reports.

    2.  The government is aware of oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial and they are attached.

    3.  No defendant testified before the Grand Jury.

    4.  The NCIC record of the defendant will be made available upon receipt.

    5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government



intends to use as evidence at trial to prove its
case in chief, or were obtained or belonging to
the defendant may be inspected at a mutually
convenient time at the Office of the United States
Attorney, 500 E. Broward Blvd., Fort Lauderdale,
Florida, Suite 700. Please call the undersigned to
set up a date and time that is convenient to both
parties.  The undersigned will tentatively set the
date for **March 2, 2001 at 2:00 p.m.**  Please call
the undersigned with 48 hours notice if you intend
to review the evidence at this date and time.

The attachments to this discovery response are not
necessarily copies of all the books, papers,
documents, etc., that the government may intend to
introduce at trial.

6.  A laboratory analysis of the fingerprint
comparison in connection with this case will be
made available upon receipt.

B.  DEMAND FOR RECIPROCAL DISCOVERY: The United States
requests the disclosure and production of
materials enumerated as items 1, 2 and 3 of
Section B of the Standing Discovery Order.  This
request is also made pursuant to Rule 16(b) of the
Federal Rules of Criminal Procedure.

C.  The government will disclose any information or
material which may be favorable on the issues of
guilt or punishment within the scope of Brady v.
Maryland, 373 U.S. 83 (1963), and United States v.
Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments,
promises of immunity, leniency, preferential
treatment, or other inducements made to
prospective government witnesses, within the scope
of Giglio v. United States, 405 U.S. 150 (1972),
or Napue v. Illinois, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions
of any alleged co-conspirator, accomplice or
informant who will testify for the government at
trial.

F.  No defendant was identified in a lineup, show up,
photo spread or similar identification

2

*proceedings.*

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b).  You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No contraband is involved in this indictment.

L.    If you wish to inspect the fraudulent documents used in the commission of the offense charged, please contact the undersigned.

Security requirements mandate strict compliance with the procedures established for the granting of access for inspection.

Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized drugs and firearms must be received by the AUSA handling the case on or before fifteen (15) days from the date of the Certificate of Service attached hereto.

If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

3

M.      The government is aware of latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.      The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.      At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

Date:       On or about March 8, 2000

Place:      Broward County, Florida

4

The attachments to this response are numbered pages 00001 - 00082 . Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *Roger W. Powell*

ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.341411
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida 33394
Tel:(954)356-7255; Fax:356-7336

cc: Special Agent Jessica Fields,
    INS

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the

foregoing was delivered by United States this 27th day of

February , 2001 to:

Mr. J. David Bogenschutz, Esq.
Attorney for Defendant Masalski
600 South Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301

*Roger W. Powell*

ROGER W. POWELL
ASSISTANT UNITED STATES ATTORNEY

5