UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO.: 00-6364 CR-FERGUSON

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ANDRZEJ MASALSKI,
a/k/a "Jurek Ademi,"
a/k/a "Michal Ademi,"

Defendant.
_____/

## RULE 32(c) SUBMISSION

**COMES NOW** the Defendant, **ANDRZEJ MASALSKI**, by and through his undersigned counsel, pursuant to Fed.R.Crim.P. 32(c), files this, his objections to the Presentence Investigation dated July 10, 2001 and received July 12, 2001, and would aver as follows:

1. As to Paragraph 9, it should be noted that the special agent's name in this case is Rhonda, not Wanda, Maskus;

2. As to Paragraph 10, the Defendant objects to the fact that it is indicated he "left the SUV running". In fact, he had turned the car off, and left the keys inside the postal palace when he left. The same can be verified by a review of the Canadian report, a part of which is attached hereto as Exhibit 1(a) and (b);

3. The Defendant objects to the allegations of Paragraph 14 which indicates that he rented an automobile from Alamo Rent-a-Car in Fort Lauderdale; in truth, and in fact, the automobile was rented by his mother, Stanislawa Masaiski, so that she could pick up the Defendant's father in Atlanta on March 12, 2000; (See Exhibit II)

4. The Defendant objects to allegations in Paragraph 15 that he entered into a contract to purchase a Fort Lauderdale home from Kroll Realty on January 24, 2000. He

COLONIAL BANK BUILDING • 600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • (954) 764-2500 • FAX (954) 764-5040

believes that his parents, who were in the Lauderdale area and were looking for a home, may have entered into that contract but, to his knowledge, he did no such thing; in fact, attached is Exhibit III indicating that such a transaction was attempted, by the Defendant's mother, for a home worth one hundred forty seven thousand dollars ($147,000.00) [(not two hundred twenty thousand dollars ($220,000.00)] in January of 2000:

5.  As to Paragraph 31, the Defendant objects and would aver that the probation officer has mis-calculated the correct base offense level for the offense as noted herein, and charged as a Violation of 18 U.S.C., Section III(a). The Defendant respectfully suggests that, pursuant to understandings reached with the Government, and which were made part of the record on the date of the plea herein, (May 1, 2001), the correct guideline provision applicable to this case is Paragraph 2(A)2.4, entitled "Obstructing or Impeding Officer" with a concurrent base offense level of six (6). It was counsel and the government's express intention to limit that guideline from applying as an "Aggravated Assault", which is precisely what did not occur in this matter (see Exhibit 1, Facsimile Transmittal dated April 27, 2001, to Assistant United States Attorney Roger M. Powell). A confirmation by Mr. Powell secured by the probation officer would significantly alleviate the necessity for argument at the time of sentencing on this issue.

6.  Furthermore, because of the base offense level change to a level six (6) with a specific offense characteristic of two (2), for a total offense level of eight (8), the base offense level for Count II would then be a level eight (8). In utilizing those numbers, Paragraphs 37 and 38 are therefore objected to as well. The combined adjusted offense level would materially change in utilizing the Section 3(D)1.4 computation, as the greatest adjusted level of eleven (11),- Count I- must then be factored under Section 3(D)1.4, instead of the currently used, and inaccurately recited, level seventeen (17). Since Count I, is three (3) offense levels higher than Count II [a base offense level (BOL) eight (8)], the computation in Paragraph 3(D)1.4 would add one (1) unit to the highest, or greater adjusted offense level, [eleven (11)], increasing that BOL to a maximum of a level twelve

COLONIAL BANK BUILDING • 600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • (954) 764-2500 • FAX (954) 764-5040

(12).  Therefore, the Defendant objects to Paragraphs 37 and 38 as they are inconsistent with this accurate computation.

7.  The Defendant objects to Paragraph 42, Total Offense Level (TOL), because a TOL [fifteen (15)] is incorrect.  The TOL (adjusted) should be a level ten (10), including a two (2) level decrease for Acceptance of Responsibility.  [It should be noted that since this base offense level is less than sixteen (16), the additional "super acceptance" in Paragraph 41 is inaccurately granted to the Defendant.  Thus, the computation from twelve (12) to ten (10).]

8.  The Defendant objects to allegations in Paragraph 55 indicating that his wife obtained a fraudulent Florida driver's license on October 23rd, 1997.  It is understood by the Defendant that his wife's Florida driver's license utilized her maiden name, Juriskova, not Masalski, as his marriage had not taken place until December 9, 1997, or over a month after the time that the driver's license is alleged to have been obtained.  (See Exhibit IV);

9.  The Defendant objects to Paragraph 62 to the extent that it is incomplete.  It should be noted that the Defendant's parents' business indeed transported produce between New York and California; however, it also transports to Florida.  The Defendant had an apartment in Florida that he lived in for a short period of time while he was here.  Other individuals also lived in that apartment, but he still maintained a residency in the State of New York, contrary to the suggestions made in Paragraph 55.  Although it may be correct that the Defendant earned approximately two thousand dollars ($2,000.00) per month, the Defendant was never paid this money, as most of the funds in this family business [which he was a partner in (Exhibit V Composite), from 1994 to date] went toward paying off a four hundred fifty thousand dollar ($450,000.00) debt for the trucks that were utilized [the four (4) eighteen (18) wheelers] for the delivery of merchandise.  The Defendant advises that his 1990 income tax return of three thousand seven hundred eighty-eight dollars ($3,788.00) is accurate as far as he knows, in adjusted gross income, because of the payoffs for these trucks.

COLONIAL BANK BUILDING • 600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • (954) 764-2500 • FAX (954) 764-5040

10. The Defendant objects to allegations in Paragraph 70 about the January 2000 contract on a two hundred twenty thousand dollar ($220,000.00) home. As indicated previously, in Paragraph 4 and Exhibit III above, the Defendant believes that this home was contracted for by his parents, and not by him.

11. As to Paragraph 71, it is the Defendant's belief that he has filed income tax returns for the 1997 and 1998 years- especially for 1997. He is attempting to determine that at the time that this PSI is being responded to by counsel.

12. The Defendant objects to Paragraph 74 in that his TOL is not fifteen (15), but ten (10), and with a criminal history of one (1), his guideline imprisonment range would not be eighteen to twenty-four months (18-24) - It is, and should be, six to twelve (6-12) months. The Defendant furthermore objects to Paragraph 78 in that the Defendant's TOL, thus his applicable guideline range, is in Zone B of the sentencing table, not Zone D, and, thus, the Defendant is eligible for probation, as long as that sentence includes a condition, or combination of conditions that substitute intermittent confinement, community confinement or home detention for imprisonment according to the schedule in subsection (e).

13. The Defendant objects to Paragraph 80, the fine range set forth in §5E1.2, because a TOL of ten (10) mandates a minimum fine of two thousand dollars ($2,000.00) to a maximum of twenty thousand dollars ($20,000.00)- not four thousand dollars ($4,000.00) to forty thousand dollars ($40,000.00) which is factored upon a total offense level of fifteen (15).

**WHEREFORE** the Defendant, **ANDRZEJ MASALSKI**, respectfully files this, Rule 32(c) Submission for consideration by this Honorable Court and requests the Court to amend the PSI consistent herewith.

**I HEREBY CERTIFY** that a copy of the foregoing has been furnished to the office of the United States Attorney, Roger Powell, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33394 and to Marilyn G. Westfield, Probation Officer, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132 this 17th day of July, 2001.

Respectfully submitted,

**BOGENSCHUTZ & DUTKO, P.A.**

Attorneys for Defendant/Masalski

Colonial Bank Building
600 South Andrews Avenue, Suite 500
Fort Lauderdale, FL 33301
Telephone (954) 764-2500

**BY:**

J. DAVID BOGENSCHUTZ
Florida Bar #131174

cr-06364-WDF Document 29 Entered on FLSD Docket 07/19/2001 P

## PROCEDURAL HISTORY AND FACTS OF THE CASE:

4.  On March 8, 2000, RHONDA J. MASKUS, Special Agent with the United States Immigration and Naturalization Service (INS) Fraud Unit was conducting surveillance on a private postal pickup store called the Postal Palace in Pompano Beach, Florida as part of an on-going investigation of illegal aliens using fraudulent documents to attempt to obtain Social Security documentation which would allow them to work illegally. The investigators were interested in whoever was picking up documents being delivered to Box 264 at the Postal Palace. Investigation that day confirmed that Andrzej Masalski was the person retrieving materials that had been delivered to Box 264. He arrived at the Postal Palace that day and, as he started to exit, Rhonda J. Maskus stepped up and introduced herself, verbally and by displaying an INS Special Agent's badge. Rhonda J. Maskus attempted to conduct a low key interview while waiting for backup to arrive. The subject MASALSKI identified himself as "Jerry" and produced a Texas Driver's Licence under the name of ANDRES J MASALSKI. Rhonda J. Maskus attempted to talk to him about the packages that he just picked up and his relationship with the boxholder Thor Danylyk. MASALSKI got agitated and attempted to leave. She advised him that he was under arrest and produced handcuffs. MASALSKI then resisted arrest and dragged her outside through the door. MASALSKI violently threw her to the concrete ground and he fled. Special Agent Maskus suffered a blow to the back of the head and a twisted left knee. She was taken to the hospital. MASALSKI left behind the keys to the

- 3 -

- 4 -

Mercedes SUV that he had arrived in and the Texas Driver's Licence and the two envelopes that he had taken from the mailbox. The police were called and they impounded the vehicle. They found a Croatian passport and a small stamp bearing a foreign symbol. The stamp appeared to be the same stamp used by the 27 aliens under investigation in the project Special Agent Maskus was working on.

### Exhibit "C" Complaint and Affidavit of Rhonda J. Maskus

6. I am advised that the requirements for issuing a provisional arrest warrant are set out in Section 13 of the *Extradition Act*. As a result, the applicant must establish that there are reasonable grounds to believe that:

   (a) it is necessary in the public interest to arrest the person, including to prevent the person from escaping or committing an offence;

   (b) the person is ordinarily resident in Canada, is in Canada, or is on the way to Canada, and,

   (c) a warrant for the person's arrest or an order of a similar nature has been issued or the person has been convicted.

   (a) **It is necessary in the public interest to arrest the person, including to prevent the person from escaping or committing an offence:**

7. I believe it is in the public interest to arrest the person sought at this time because:

Regional Hospital for treatment and released. On March 10, 2000, the Honorable Lurana S. Snow, Chief Magistrate Judge, issued a warrant to arrest Masalski for assaulting a federal officer, in violation of Title 18, United States Code, Section 111, and fraudulent documents, in violation of Title 18, United States Code, Section 1546.

10. Masalski left behind his car keys, the two priority mail envelopes, and his Texas driver's license. An inventory was conducted of the contents of Masalski's vehicle prior to towing it away. Among the contents were seven blank SS-5s, a passport from the country of Croatia in the name of Rino Baric, and a small stamp bearing some foreign symbol. The passport contained a counterfeit I-94 Departure Record in the name of Rino Baric. A citizen of Croatia entering the United States as a tourist is not entitled under immigration law to a visa waiver. The stamp on the I-94 appears to be the same fraudulent stamp that has been used by all of the aliens involved in the above-described scheme.

11. Also, in the Masalski's vehicle a keycard was found. INS Agents canvassed the neighborhood surrounding the area where Masalski has been identified by numerous witnesses at different locales and by the other receipts and documentation found in Masalski's vehicle. The Agents determined that the keycard activated the entry gates at Sabal Palms Apartment Community. On March 10, 2000, after showing a leasing agent the photograph of Masalski, she confirmed that Masalski was a resident of the complex. The leasing agent indicated that the subject resided in Building 4501, Unit #29. The Agent reviewed the records for that unit and the lease was in the name of two individuals who appeared to be Eastern European but with a name other than Masalski. The Agent

4

# The Gold Corporate Card
## Tax Organization Report
For: S.A.S. EXPRESS
Quarter ending 03/31/00

How to Print

| Employee Name/ Account Number | Process Date | Charge Category | Transaction | |
|---|---|---|---|---|
| STANISLAWA MASALSKI | | | | |
| XXXX-XXXXXX-41003 # | 01/08/00 | RETAIL | AT&T Wireless Servic800-888-7600 NJ | 186,14 |
| | 01/09/00 | OTHER | FEDEX #813488321214 | 13,50 |
| | 01/09/00 | OTHER | FEDEX #818843960465 | 11,92 |
| | 01/15/00 | OTHER | GETLOADED.COM, LLC MIDLETHIAN VA | 35,- |
| | 02/15/00 | OTHER | GETLOADED.COM, LLC MIDLETHIAN VA | 35,- |
| | 03/04/00 | OTHER | POLISH DAILY-NOWYDZINEW YORK NY | 50 |
| | 03/08/00 | RETAIL | AT&T Wireless Servic800-888-7600 NJ | 229,- |
| | 03/10/00 | CAR RENTAL | ALAMO RENT-A-CAR INC FT LAUDERDALE FL | 69,4 |
| | 03/11/00 | AIRLINE | CONTINENTAL AIRLINES NEWARK NJ | 544,5 |
| | 03/13/00 | AIRLINE | SPIRIT AIRLINES DTWMI | 244,5 |
| | 03/13/00 | CAR RENTAL | ALAMO RENT-A-CAR INC FT LAUDERDALE F | 252,12 |
| | 03/16/00 | OTHER | GETLOADED.COM, LLC MIDLETHIAN VA | 35 |
| TOTAL THIS QUARTER | | | | 1.706,08 |
| STANISLAW MASALSKI | | | | |
| XXXX-XXXXXX-41011 | 01/15/00 | OTHER AUTO | BRKLN FRHT LINR TRCK SLS BROOKLYN NY | 178,88 |
| | 01/20/00 | OTHER AUTO | TW TRUCK STOP 1 HUBBARD OH | 50,63 |
| | 01/20/00 | OTHER | TA # 6 COLUMBIA COLUMBIA NJ | 40,09 |
| | 01/21/00 | RETAIL | PETRO STOPPING CENTEmilton PA | 50,69 |
| | 01/21/00 | OTHER AUTO | PILOT CORP #285 HEBRON OH | 204,89 |
| | 03/03/00 | OTHER AUTO | BRUNO G M C TRCK SLS CORP BROOKLYN | 42,43 |
| TOTAL THIS QUARTER | | | | 567,51 |

* Cancelled Cardmember < Corporate Optima Platinum Cardmember = Corporate Cash Rebate Cardmember~ Gold Delta Skymiles Corp (
# Gold Corporate Card + Delta Skymiles Corporate Credit Cardmember> Gold Corporate Optima Cardmember @ Corporate Platinum Cardm
% Centurion Cardmember

C

cr-06364-WDF Document 29 Entered on FLSD Docket 07/19/2001 P

REAL ESTATE AND FINANCIAL SERVICES **KROLL REALTY CO., INC.**

SINCE 1951

RELO

6991 W. BROWARD BOULEVARD
SUITE 100
PLANTATION, FLORIDA 33317
954-475-8800 • FAX 954-581-5366

**FACSIMILE TRANSMITTAL**

DATE: 8/29/2000

FROM: Joan Sheehan

PLEASE DELIVER TO:

NAME: Mrs Masalaki

COMPANY:

FAX#: 718-748-8882

FAX OPERATOR Joan

Number of Pages including this cover sheet: 4

REMARKS: Please sign Last Page, Initial (4)

Upon receiving this facsimile, please do not hesitate to contact the sender or Fax operator at our office if there are any pages missing or not legible.

Thank you.

Joan

FAX Back 954-581-5366

Exhibit III

cr-06364-WDF Document 29 Entered on FLSD Docket 07/19/2001 Pa

BUYER: STANISLAWH MASALSKI

SELLER: BRO DAX

Buyer and Seller hereby agree that Seller shall sell and Buyer shall buy the following real property ("Real Property") and personal property ("Personalty") (collectively "Property") upon the following terms and conditions and any addendum to this Contract.

1. LEGAL DESCRIPTION of real estate located in Broward County, Florida TAX FOLIO # 49 410 4290170

WOODMONT TRACT 65 91-50 B LOT 17 BLK 1 SG 4 5029

1.1 COMPLETE PROPERTY ADDRESS: 8060 Buttonwood Circle (Address) Tamarac (City) 33321 (Zip)

1.2 Seller represents that the Property can be used for the following purposes: Residence

2. PERSONAL PROPERTY INCLUDED: All fixed items including: all landscaping; window screens, window treatments and hardware; wall-to-wall or attached floor coverings and attached lighting fixtures as now installed on the Real Property. Also included are the following checked items: ✓ range, ✓ refrigerator, ✓ dishwasher, ✓ disposal, ___ microwave oven, ✓ trash compactor, ✓ washer, ✓ dryer, ✓ ceiling fans, ___ solar systems, ___ satellite dishes, ✓ security/alarm systems, ___ pool cleaning equipment: (DESCRIBE) ___

2.1 ADDITIONAL PERSONAL PROPERTY INCLUDED: Water Purifier, Built ins, L.R. Bookcases, Breakfront

2.2 PERSONAL PROPERTY NOT INCLUDED: ___

2.3 LEASED ITEMS: ___ security/alarm systems, ___ propane tanks, ___ solar equipment, ___ satellite dishes, ___ other: ___

3. PURCHASE PRICE IS: (In U.S. funds) . . . $ 147,000.00

METHOD OF PAYMENT:

3.1 Deposit made at the time Buyer executed this document . . . $ 500.00

3.2 Additional deposit due within 10 United States banking days after Effective Date. Time is of the essence as to additional deposit . . . $ 14,200.00

ALL DEPOSITS TO BE HELD BY: Keller Realty

3.3 Amount of new note and mortgage to be executed by Buyer to any lender other than Seller . . . $ 97,110.00

TYPE OF MORTGAGE:

(CHECK ONE) (✓) Conventional, ( ) FHA, ( ) VA (If FHA or VA see Addendum)

(CHECK ONE) (✓) Prevailing Rate & Terms; OR ( ) Interest Rate ___% & Term ___ Years

(CHECK ONE) (✓) Fixed Rate, ( ) Variable rate with a maximum ceiling of ___%

Other terms: ___

3.4 Existing mortgage balance encumbering the Property to be ASSUMED by Buyer approximately $ -0-

Mortgagee Name ___ Loan # ___

(CHECK ONE) ( ) Fixed rate not to exceed the rate of ___%

( ) Variable current rate with a maximum ceiling of ___%

Balloon Mortgage: ( ) Yes ( ) No Balloon Due Date: ___

Other terms: ___

3.5 Purchase money note to Seller secured by a ( ) 1st OR ( ) 2nd purchase money mortgage, bearing interest at the rate of ___% per annum with payments based on ___ years amortization OR payable $___ principal and interest per ___ . . . $ -0-

Balloon Mortgage: ( ) Yes ( ) No Balloon Due Date: ___

Due on sale: ( ) Yes ( ) No No prepayment penalty.

3.6 OTHER CONSIDERATION: ___ . . . $ -0-

3.7 Approximate additional payment due at closing in U.S. currency or LOCAL CASHIER'S CHECK (This amount does not include Buyer's closing costs and/or prepaid items) . . . $ 35,300.00

3.8 TOTAL PURCHASE PRICE . . . $ 147,000.00

4. TIME FOR ACCEPTANCE: If, by 5:00 p.m. 3/1 2010, this offer is not executed by all parties and delivered to all parties or their Authorized Representative, this offer is withdrawn and all deposits will be returned to Buyer.

5. FACSIMILE: A legible facsimile copy of this entire Contract and any signatures hereon shall be considered as originals.

6. EFFECTIVE DATE: The effective date of this Contract ("Effective Date") shall be the day upon which it becomes fully executed by all parties

7. TIME: Time periods herein of less than six (6) days shall in the computation exclude Saturdays, Sundays and state or national legal holidays, and any time period provided for herein which shall end on [illegible]

Case 0:00-cr-06364-WDF Document 29 Entered on FLSD Docket 07/19/2001 Pa

No. 2957

# STATE OF TEXAS
# MARRIAGE LICENSE
## COUNTY OF DALLAS

Be it known to ordained Christian Ministers and Jewish Rabbis, or persons who are officers of religious organizations, and who are duly authorized by the organization to conduct marriage ceremonies, Justices of the supreme court, Judges of the court of criminal appeals, Justices of the courts of appeals, Judges of the district, county, and justice courts, Judges of the county courts at law, Judges of the courts of domestic relations and juvenile, Justices of the peace, and Judges of the federal courts of this state:

## GREETINGS

### YOU ARE HEREBY AUTHORIZED TO CELEBRATE THE
### RITES OF MATRIMONY

Between ANDRZEJ MASALSKI

and DANIELA JURASKOVA

make due return to the Clerk of the County Court of said County within thirty days thereafter, certifying your action under this license.

**Witness** my official signature and seal of office at office in Dallas, Texas this 9TH day of DECEMBER A.D. 1997 at 10:13 AM/P.M

Earl Bullock, County Clerk

by _____, Deputy
TONI HERNANDEZ

I, the undersigned hereby certify that on the 25 day of Dec, 19 97 I united in Marriage the parties above named.

Witness my hand.

Blumberg's Law Products X 74—Certificate of Conducting Business as Partners Individual · Corporation 12-88

© 1973 by Julius Blumberg, Inc., Publisher, NYC 10013

# Business Certificate for Partners

The undersigned do hereby certify that they are conducting or transacting business as members of a partnership under the name or designation of 'PROTEA'

at 119 MESEROLE AV; BROOKLYN; NY 11222

in the County of BROOKLYN, State of New York, and do further certify that the full names of all the persons conducting or transacting such partnership including the full names of all the partners with the residence address of each such person, and the age of any who may be infants, are as follows:

| NAME Specify which are infants and state ages. | RESIDENCE |
|---|---|
| STANISLAWA MASALSKI | 365-86th STREET; BROOKLYN; NY 11209 |
| ANDRZES MASALSKI | 365-86th STREET; BROOKLYN; NY 11209 |

No 0189776 STATE OF NEW YORK, COUNTY OF KINGS, SS: I, WILBUR A. LEVIN, COUNTY CLERK AND CLERK OF THE SUPREME COURT, KINGS COUNTY, DO HEREBY CERTIFY ON SEP. 23, 1994 I HAVE COMPARED THIS COPY WITH THE ORIGINAL FILED IN MY OFFICE ON SEP 23 1994 AND THAT SAME IS A CORRECT TRANSCRIPT THEREFROM AND OF THE WHOLE OF SUCH ORIGINAL. IN WITNESS WHEREOF, I HAVE HEREUNTO SET MY HAND AND AFFIXED MY OFFICIAL SEAL. COUNTY CLERK AND CLERK OF THE SUPREME COURT, KINGS COUNTY FACSIMILE SIGNATURE USED PURSUANT TO SEC. 803, COUNTY LAW. FEE PAID

WE DO FURTHER CERTIFY that we are the successors in interest to the person or persons heretofore using such name or names to carry on or conduct or transact business.

**In Witness Whereof,** We have this day of 23 - SEP 19 94 made and signed this certificate.

A. Masalski

[signature]

**State of New York, County of** KINGS ss.: INDIVIDUAL ACKNOWLEDGMENT

On this 23rd day of SEPTEMBER 1994, before me personally appeared STANISLAWA MASALSKI & ANDRZEJ MASALSKI to me known and known to me to be the individual described in, and who executed the foregoing certificate, and / he thereupon has duly acknowledged to me that they executed the same.

ASHVIN R. PATEL
NOTARY PUBLIC, State of New York
No. 41-4799045
Qualified in Kings County

[signature]

Exhibit V

# Business Certificate

I HEREBY CERTIFY that I am conducting or transacting business under the name or designation

of STAN & SON TRUCKING CO.

at 8501 FORT HAMILTON PKWY APT. 4D

City or Town of BROOKLYN County of KINGS State of New York.

My full name is* STANISLAW MASALSKI

and I reside at 8501 FORT HAMILTON PKWY APT. 4D

BROOKLYN, NY 11209

I FURTHER CERTIFY that I am the successor in interest to

the person or persons heretofore using such name or names to carry on or conduct or transact business.

№ 001981 STATE OF NEW YORK, COUNTY OF KINGS, SS: ... CLERK ... JAN 29 1998 ... JAN 29 1998 ... FEE PAID

IN WITNESS WHEREOF, I have this 19 day of JANUARY 1998, made and signed this certificate.

[signature]

* Print or type name.

* If under 21 years of age, state "I am years of age".

STATE OF NEW YORK
COUNTY OF KINGS } ss.:

On this 19 day of JANUARY 1998, before me personally appeared STANISLAW MASALSKI to me known and known to me to be the individual described in and who executed the foregoing certificate, and he thereupon IS duly acknowledged to me that he executed the same.

RALPH CARRANO
Notary Public, State of New York
No. 01CA4659748
Qualified in Kings County
Commission Expires July 31, 1999

Ralph Carrano

Law Products
Individual - Corporation 12-88
© 1973 BY JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

# Business Certificate for Partners

*The undersigned do hereby certify that they are conducting or transacting business as members of a partnership under the name or designation of* UNIVERSAL CONSTRUCTION

*at* 365 - 86th STR.

*in the County of* BROOKLYN *, State of New York, and do further certify that the full names of all the persons conducting or transacting such partnership including the full names of all the partners with the residence address of each such person, and the age of any who may be infants, are as follows:*

| ***NAME*** *Specify which are infants and state ages.* | ***RESIDENCE*** |
|---|---|
| ANDRZEJ MASALSKI | 365-86th STR - BROOKLYN, NY 11209 |
| STANISLAW MASALSKI | 365-86th STR - BROOKLYN, NY 11209 |

No 022439
STATE OF NEW YORK, COUNTY OF KINGS, SS:
I, WILBUR A. LEVIN, COUNTY CLERK AND CLERK OF THE SUPREME COURT, KINGS COUNTY, DO HEREBY CERTIFY ON NOV. 10 1994 THAT I HAVE COMPARED THIS COPY WITH THE ORIGINAL FILED NOV 10 1994 ... AND THAT THE SAME IS A CORRECT TRANSCRIPT ... AND OF THE WHOLE OF SUCH ORIGINAL ... IN WITNESS WHEREOF ... AFFIXED MY OFFICIAL SEAL
COUNTY CLERK AND CLERK OF THE SUPREME COURT KINGS COUNTY ... FACSIMILE SIGNATURE USED PURSUANT TO SEC. 963 COUNTY LAW.
FEE PAID

*WE DO FURTHER CERTIFY that we are the successors in interest to*

*the person or persons heretofore using such name or names to carry on or conduct or transact business.*

**In Witness Whereof,** *We have this* day of 23-SEP 1994 *made and signed this certificate.*

[signature]

**State of New York, County of** Kings **ss.:** **INDIVIDUAL ACKNOWLEDGMENT**

*On this* 10th *day of* November *19*94, *before me personally appeared* Andrzej Masalski & Stanislaw Masalski *to me known and known to me to be the individual described in, and who executed the foregoing certificate, and* ... *duly acknowledged to me that* ... *executed the same.*

cr-06364-WDF Document 29 Entered on FLSD Docket 07/19/2001 Pa

X 74—Certificate of Conducting Business as Partners Individual · Corporation 12-88

© 1973 BY JULIUS BLUMBERG, INC., PUBLISHER, NYC 10013

# Business Certificate for Partners

The undersigned do hereby certify that they are conducting or transacting business as members of a partnership under the name or designation of UNIVERSAL CONSTRUCTION

at 365-86th STR.

in the County of BROOKLYN, State of New York, and do further certify that the full names of all the persons conducting or transacting such partnership including the full names of all the partners with the residence address of each such person, and the age of any who may be infants, are as follows:

| NAME Specify which are infants and state ages. | RESIDENCE |
|---|---|
| ANDRZEJ MASALSKI | 365-86th STR. BROOKLYN, NY 11209 |
| STANISLAW MASALSKI | 365-86th STR. BROOKLYN. NY 11209 |

No 022435 STATE OF NEW YORK, COUNTY OF KINGS, SS: I, WILBUR A. LEVIN, COUNTY CLERK AND CLERK OF THE SUPREME COURT, KINGS COUNTY, DO HEREBY CERTIFY ON NOV. 10, 1995 THAT THIS [illegible] COPY WITH THE ORIGINAL NOV 10 1995 [illegible] FEE PAID [illegible] COUNTY LAW.

WE DO FURTHER CERTIFY that we are the successors in interest to

the person or persons heretofore using such name or names to carry on or conduct or transact business.

**In Witness Whereof,** We have this day of 23-SEP 1994 made and signed this certificate.

[signatures]

State of New York, County of Kings ss.: INDIVIDUAL ACKNOWLEDGMENT

On this 10th day of November 1995 before me personally appeared Andrzej Masalski & Stanislaw Masalski to me known and known to me to be the individual described in, and who executed the foregoing certificate, and they thereupon duly acknowledged to me that they executed the same.

ASHVIN R. PATEL
Notary Public, State of New York
No. 01PA4799045
Qualified in Queens County
Certificate Filed in Kings County
Commission Expires September 30, 1996