UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO.: 00-6364 CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANDRZEJ MASALSKI,
    a/k/a "Jurek Ademi,"
    a/k/a "Michal Ademi,"

    Defendant.
_____/



## MOTION TO RECONSIDER A POSITION OF SENTENCE

**COMES NOW**, the Defendant, **ANDRZEJ MASALSKI**, by and through his undersigned counsel, and respectfully urges this Court to reconsider the sentence it imposed on Friday, July 16, 2001 and would show for cause as follows:

1. That at the time of the imposition of sentence, it was apparent that the Court, in sentencing the Defendant to one (1) year and one (1) day, was ensuring that the Defendant's time served would be factored into the sentence and his release date would be enhanced to a period of supervisory release or INS review;

2. Since the time of imposition of sentence, the Defendant has learned that the addition of <u>one day</u> to the sentence herein, even though it effectively releases the Defendant after just a few weeks more service of time because of the fifty-three (53) day redemption included by statute and rule on all sentences "over one (1) year", it effectively may <u>foreclose</u> any opportunity that he would have to convince INS that his green card status should be continued;

3. That upon this knowledge, and assuming that the Court was unaware of this limitation, we would respectfully suggest that the Court should reconsider its sentence in light of this new information, and provide the Defendant with the <u>opportunity</u>, although not the guarantee, that he may be able to stay in the United States where he has significant





ties;

4.  The Defendant lives, and intends to live, with his parents in New York where he is a partner in several businesses that the father has in that vicinity. He is also married to Daniella Masalski, and has been since December of 1997. She lives in the United States, and is a medical student who is attempting to finish her studies and take the medical boards. Most of her schooling was done outside the United States and, thus, she must coordinate those previous studies with the United States regulations before being granted a medical license;

5.  That the Defendant had been in the United States, had worked in the United States, and had been a part of ongoing businesses in the United States, all legitimate, for several years prior to the incident that gave rise to his indictment;

6.  That this Defendant has no significant criminal background as can be seen easily by a reference to the PSI nor is he a danger to anyone else, and is not a threat of recidivism if permitted this minute change in his sentencing structure;

7.  That the Defendant would agree that the Court could impose a sentence of one day less than twelve (12) months, as opposed to twelve (12) months and one (1) day, even though such an imposition would result in his further incarceration until on or about October 26, 2001 and, in order to have the opportunity, not the guarantee, to convince INS that his background and every contact that he has in his country, would qualify him to remain to as a "green card alien";

8.  Other grounds to be argued ore tenus, if necessary.

**WHEREFORE** the Defendant respectfully urges this Honorable Court to reconsider a position of sentence and further says not.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished this 30th day of July, 2001, to Roger Powell, Assistant United States Attorney, Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort

Lauderdale, FL 33304 and to Marilyn G. Westfield, Probation Officer, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132.

Respectfully submitted,

BOGENSCHUTZ & DUTKO, P.A.
Attorneys for Defendant
Colonial Bank Building, Suite 500
600 S. Andrews Avenue
Fort Lauderdale, FL 33301
(954) 764-2500

BY: *[signature]*
for
J. DAVID BOGENSCHUTZ
Florida Bar No. 131174