

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
NORTHERN DIVISION

CASE NO.: 00-6364 CR-FERGUSON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ANDRZEJ MASALSKI,
    a/k/a "Jurek Ademi,"
    a/k/a "Michal Ademi,"

    Defendant.
_____/

## MOTION FOR CORRECTION AND CLARIFICATION ON TIME SERVED

**COMES NOW**, the Defendant, **ANDRZEJ MASALSKI**, by and through his undersigned counsel, and respectfully moves this Honorable Court to order that the Bureau of Prisons correct its current records as to the credited time that this Defendant served in custody awaiting trial or other disposition in this cause and would show as follows:

1.    That the Defendant herein, **ANDRZEJ MASALSKI**, was sentenced by this Honorable Court to one (1) year ad one (1) day on Friday, July 20, 2001;

2.    That, in the custody of the Attorney General, pursuant to that sentence, the Bureau of Prisons has assigned the Defendant a release date tentatively scheduled for December 22, 2001 (see Department of Justice Detainer Action Letter attached as Exhibit I);

3.    That this Defendant has been held in custody pending resolution of these charges since October 26th, 2000; (see Pre-sentence Investigation, pages 2,7 herein);

4.    That the Defendant was arrested as he attempted to enter the Dominion of Canada in Toronto, on that date, and has been held in custody ever since pending resolution of these charges;

5.    That for some inexplicable reason, the Bureau of Prisons has ordered that this Defendant be held for release for a full two (2) months longer than the Court's actual

LAW OFFICES OF BOGENSCHUTZ & DUTKO, P.A
COLONIAL BANK BUILDING • 600 SOUTH ANDREWS AVENUE, SUITE 500 • FORT LAUDERDALE, FLORIDA 33301 • (954) 764-2500 • FAX (954) 764-5040



sentence in this cause, or, one (1) year and one (1) day, which would energize the "good time" provisions of the Department of Justice giving him fifty-three (53) days statutory gain time;

6.  That fifty-three (53) days credit from October 26th, 2001 (the one year and one day anniversary from his original date of incarceration), would mean that this Defendant should be released on, or about, September 3, 2001; the increase of his release date to December 22, 2001 violates this Court's Order, and will constitute him being held by the Bureau of Prisons, in custody, two (2) months in excess of his lawful sentence, and subject to a Habeas Corpus Petition;

7.  Counsel believes, and it is logical to believe, that the Bureau of Prisons is only giving this Defendant credit for the time after which he was returned to the United States and being held in custody here; such a "credit" offends the letter and spirit of the law, and requires this Court's intervention. It should be noted that the Judgment and Commitment form did not specify this Defendant's credit time. It is both the Government, and the Defendant's position that that date (October 26, 2000) should be the "credit" date against which the one (1) year and one (1) day sentence should impart;

8.  When the underlying basis for custody is, in fact, a federal warrant, credit should be given, even though custody is foreign. Katz v. Warden, 937 F.2d 612 (9th Cir. 1991)(unpublished opinion attached). Bureau of Prisons Program statement 5880.24 §5(c)(1)(a).

9.  Other grounds to be argued ore tenus.

**WHEREFORE** the Defendant respectfully moves this Honorable Court to enter its Order supplementing the Judgment and Commitment Orders previously entered in this cause to indicate, and order, that the Defendant shall be given credit for incarceration time from October 26, 2000 against the sentence imposed on July 20, 2001, of one (1) year and one (1) day, including any statutory gain time that should reduce that sentence as well.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished this 7th day of August, 2001, to Roger Powell, Assistant United States Attorney, Office of the United States Attorney, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, FL 33304 and to Marilyn G. Westfield, Probation Officer, 300 N.E. 1st Avenue, Room 315, Miami, FL 33132.

Respectfully submitted,

BOGENSCHUTZ & DUTKO, P.A.
Attorneys for Defendant
Colonial Bank Building, Suite 500
600 S. Andrews Avenue
Fort Lauderdale, FL 33301
(954) 764-2500

BY: _____
J. DAVID BOGENSCHUTZ
Florida Bar No. 131174

| DETAINER ACTION LETTER | | Federal Bureau of Prisons |
|---|---|---|
| Immigration and Naturalization Service<br>/ 'n: Buffalo District Office (Deportation Office)<br>130 Delaware Avenue<br>Buffalo, New York 14202 | | FDC Miami, Florida<br>P.O. Box 019118   Miami, FL 33101<br>Date:<br>July 26, 2001 |
| Re:   Detainer | Inmate's Name: Masalski, Andzrej<br>D.O.B. 02-27-1969 | I.D. Number(s) **Reg# 66925-004**<br>ISN# A288-883-002 |

Dear Sir:

The below checked paragraph relates to the above names inmate:

    *This office is in receipt of the following report regarding the above named::*_____
Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a *certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer*, or indicate you have no further interest in the subject.

**XX**    A detainer has been filed against this subject in your favor charging:___**Deportation (Poland)**_____
Release is tentatively scheduled for 12/22/01. However we will again notify you approximately 60 days prior to release.

Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

Your detainer warrant has been removed on the basis of the attached:. Dated:
Notify this office immediately if you do not concur with this action.

Your letter dated_____requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date at this time is_____

I am returning your _____ on the above named inmate who was committed to this institution on_____ to serve _____ for the offense of _____.

If you wish your _____ filed as a detainer, please return it to us with a cover letter stating your desire to have it placed as a hold or indicate you have no further interest in the subject.

The above named inmate has been transferred to_____Your detainer/notification request has been forwarded. Please note the change of location for your records.

Other:

                                   Sincerely,

                                   L. Hugue, L. I. E.

                    For:    S. Mueller, Inmate Systems Manager

Original - Addressee
Copy - J&C File    Copy - Correctional Services Department
Copy - Inmate    Copy - Central File



Exhibit I

**Offense:** Count One: Possession of counterfeited documents authorizing stay in the United States (Form I-94W), 18 U.S.C. § 1546(a), a Class C felony

**Penalty:** Zero to ten years imprisonment, $250,000 fine and $100 special assessment

Count Two: Assault on U.S. Immigration and Naturalization Service agent, 18 U.S.C. § 111(a), a Class E felony

**Penalty:** Zero to three years imprisonment, $250,000 fine and $100 special assessment

**Arrest Date:** 2/7/01: The defendant was first arrested in Toronto, Canada on October 26, 2000 and held for extradition.

**Release Status:** The defendant has remained in custody pursuant to a pretrial detention order.

**Detainers:** None

**Codefendants:** None

**Related Cases:** None

**Date Available for Disclosure:**
July 10, 2001

**Date Report Revised:**

2

14. A subsequent investigation by S/A Jessica Fields of INS also revealed that at 8:40 p.m. on March 9, 2000, the day following the incident with S/A Maskus, the defendant rented an automobile from Alamo in Fort Lauderdale. The same automobile was returned to the Atlanta airport on March 12, 2000 at 7:11 a.m. According to S/A Fields, all activity on the defendant's credit cards ended on that date and there is no indication that the defendant remained in the United States after March 12, 2000.

15. S/A Fields' investigation also revealed that the defendant entered into a contract to purchase a Fort Lauderdale home from Kroll Realty on January 24, 2000. The purchase price was $220,000 and the defendant intended to provide $44,000 cash at closing. S/A Fields advised Kroll Realty of the defendant's fugitive status.

16. On October 26, 2000, almost eight months after the incident with S/A Maskus, the defendant flew from Milan, Italy to Toronto and used a fake Czech passport (the defendant is a Polish citizen). At the same time, the defendant's wife, a Czech citizen, flew from a location in Europe to Toronto, through Detroit, on a separate flight. The defendant was arrested by the Royal Canadian Police and held for extradition.

17. According to AUSA Roger Powell and S/A Fields, evidence supports that the defendant is responsible for three counterfeit documents.

### Victim Impact

18. The victim in this offense was S/A Rhonda J. Maskus, who sustained injuries to the back of her head and left knee. On the date of the offense, S/A Maskus was taken to the hospital, examined and released the same day.

19. Since the instant offense, S/A Maskus has discontinued her service with INS on disability. The probation officer spoke with agent Maskus and was advised that she left the INS because of a preexisting medical condition, fibro myalgia, which affects her immune system and muscles. She stated she was diagnosed with the illness in 1998. She was later involved in a car accident in 1999 which aggravated her condition. The incident involving the defendant occurred in March 2000. Although her injuries stemming from her contact with the defendant did not cause her medical condition, she believes it aggravated it. However, she was able to return to work immediately following the incident and all of her medical expenses were covered by

7

:cr-06364-WDF    Document 37    Entered on FLSD Docket 08/08/2001    F

(Cite as: 937 F.2d 612, 1991 WL 126621 (9th Cir.(Ariz.)))

NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTA9 Rule 36-3 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Ninth Circuit.

Dennis Ralph KATZ, Petitioner-Appellant,
v.
J.L. SIVLEY, Warden, Respondent-Appellee.

No. 90-15175.

Submitted Aug. 10, 1990. [FN*]
Decided July 10, 1991.

Appeal from the United States District Court for the District of Arizona, No. CV-89-0557-TUC-RM; Richard M. Bilby, Chief District Judge, Presiding.

D.Ariz.

AFFIRMED.

Before TANG, D.W. NELSON and CANBY, Circuit Judges.

MEMORANDUM [FN**]

**1 Dennis Ralph Katz, a federal prisoner, appeals pro se the district court's dismissal of his habeas corpus petition brought pursuant to 28 U.S.C § 2241. Katz claims the **Bureau** of **Prisons** improperly denied him credit for time he served in a Norwegian jail. We affirm.

I

In 1971, Katz was convicted of two offenses related to the unlawful transportation and sale of marijuana. After the district court sentenced Katz, he escaped. Thirteen years later, Norwegian authorities arrested Katz on drug charges unrelated to those for which he was convicted in the United States. On November 22, 1984, he was sentenced to a forty-two month term of confinement in Norway. Katz's subsequent incarceration was temporarily interrupted by another escape. Following his recapture, the United States renewed earlier efforts to take custody of Katz based on the 1971 convictions. The U.S. government filed its extradition request with Norway in early 1986. Almost two years later, on December 23, 1987, Norway deported Katz to the United States.

Katz fully served his Norwegian sentence on November 15, 1987; he has received credit on his federal sentence for timent in Norwegian jails after this date. In support of his effort to obtain federal credit for additional time served in Norway, Katz has introduced evidence indicating that he was made to serve part of his Norwegian sentence solely because of the extradition request by the United States. Katz contends that, but for the pending extradition proceedings, Norway would have released him from prison after he had served seven-twelfths or, at most, two-thirds of his sentence. Katz thus seeks federal credit for time served after the seven-twelfths point of his Norwegian prison term.

II

We review de novo the district court's denial of a 28 U.S.C. § 2241 habeas corpus petition. *Vermouth v. Corrothers*, 827 F.2d 599, 601 (9th Cir.1987).

The relevant statute provides in pertinent part as follows:

The Attorney General shall give any [person convicted of an offense] credit toward service of his sentence for any days spent in custody in connection with the offense or acts for which sentence was imposed.

Bail Reform Act of 1966, Pub.L. No. 89-465, § 4, 80 Stat. 214, 217 (formerly codified at 18 U.S.C § 3568) (hereinafter, "section 3568"). *repealed in part by* Sentencing Reform Act of 1984, Pub.L. No. 98-473, § 212(a)(2), 98 Stat.1987, 1987 *and reprinted in* 18 U.S.C.A. §§ 3331-4120, at 65 (West Supp.1991). [FN1] For purposes of implementing this statute, the **Bureau** of **Prisons** has promulgated **Program Statement** No. **5880.24** (Sept. 5, 1979). We must accord substantial deference to the interpretation of section 3568 rendered by the **Bureau** of **Prisons**; we will accept the **Bureau's** interpretation so long as it is reasonable. *Brown v.*

*Rison*, 895 F.2d 533, 535 (9th Cir.1990).

Katz contends the **Bureau of Prison's program statement** dictates that he receive credit for time served in Norway after the seven-twelfths point of his sentence. Specifically, he points to section 5(c)(1)(a) of the **program statement**, which states: "Credit will be given for all time spent in non-federal or foreign custody when the underlying basis for custody in fact is a federal warrant." This provision is of no assistance to Katz, however, because it pertains to "non-federal custody ... base[d] on charges that later resulted in a federal sentence." **Program Statement** No. **5880.24** § 5(c)(1). The charges on which Katz was convicted in Norway are unrelated to those for which he was convicted in the United States. Section 5(c)(1) is also inapplicable because it pertains to time spent in custody *prior* to a conviction. *Compare id.* § 5(c)(1)(b) (indicating subsection (c)(1) concerns *presentence* custody) *with id.* § 5(b)(2) (stating no credit will be given for time spent serving another sentence). There is no question here that the Norwegian jail time for which Katz seeks credit was part of an operative sentence imposed *following* a Norwegian conviction.

**\*\*2** The portion of the **program statement** that controls Katz's situation states: "Jail time credit will *not* be given for any portion of time spent serving another sentencether federal or non-federal, except that time spent serving a sentence that is vacated...." **Program Statement** No. **5880.24** § 5(b)(2) (emphasis added). There is no question here that Katz's Norweigian sentence has never been vacated. Therefore, under the **Bureau of Prison's program statement**, Katz is not entitled to credit for time spent serving his Norwegian sentence. *Cf. Alexander v. Perrill*, 916 F.2d 1392, 1394 (9th Cir.1990) (noting that federal prisoner received credit from sentencing court for time served on a vacated German conviction). [FN2]

Katz also argues the **Bureau of Prison's** interpretation of section 3568 is unreasonable. We disagree. The **Bureau's program statement** is reasonable, particularly when viewed in light of Congress's intent to provide credit only for time served *prior* to a conviction. *See* H.R.Rep. No. 1541, 89th Cong., 2d Sess. __ (purpose of amendment establishing section 3568 in its present form is to "assure that persons convicted of crimes will receive credit for time spent in custody *prior to trial* " (emphasis added)), *reprinted in* 1966 U.S.Code Cong. & Admin.News 2293, 2295; S.Rep. No. 750, 89th Cong., 1st Sess. 5 (same), *reprinted in* 111 Cong.Rec. 24520, 24523 (1965).

Finally, Katz challenges his extradition from Norway. Because he did not raise this issue below, we will not consider it. *See Ferris v. Santa Clara County*, 891 F.2d 715, 719 (9th Cir.1989) *cert. denied*, 111 S.Ct. 141 (1990).

The judgment of the district court is AFFIRMED.

> FN\* The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir. 34-4.

> FN\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3.

> FN1. Section 3568 has been repealed only insofar as it would otherwise pertain to sentences imposed for offenses committed after November 1, 1987. Sentencing Reform Act of 1984, Pub.L. No. 98-473, § 235(a)(1), 98 Stat.1987, 2031, *amended by* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99-217, § 4, 99 Stat. 1728, 1728 (delaying effective date of Sentencing Reform Act), *and by* Sentencing Act of 1987, Pub.L. No. 100-182, § 2(a), 101 Stat. 1266, 1266 (effectively limiting repeal of section 3568), *and reprinted as amended in* 18 U.S.C.A. § 3551 note (West Supp.1991). Thus, section 3568 controls in this case because Katz's current sentence relates to offenses committed long before 1987.

> FN2. Although Katz has provided some evidence that, but for the extradition request, Norway would have released him after the seven- twelfths point in his sentence,he provides no evidence that Norway did not justify his continued incarceration on the basis of his Norwegian conviction. In the absence of any such proof, we must conclude that Katz was serving his Norwegian sentence during the time for which he seeks credit. *Cf. Boniface v. Carlson*, 856 F.2d 1434, 1436 (9th Cir.1988) (federal prisoner seeking credit for pretrial state custody carries the burden of showing "the state did not credit his state sentence for that time").

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works